**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re | Chapter 11 |
| BIZGISTICS, INC. | Case No. 3:21-bk-02197-RCT |
| Debtor. | |

_____/

**DEBTOR'S EMERGENCY MOTION TO**
**APPROVE MODIFICATION OF PLAN OF**
**LIQUIDATION OR SALE OF VEHICLES UNDER 11 U.S.C. § 363**

Bizgistics, Inc. ("**Debtor**"), by and through its undersigned counsel, files this Emergency Motion to Approve Modification of Plan of Liquidation or Sale of Vehicles under 11 U.S.C. § 363 ("**Motion**"), and in support thereof states:

**Preliminary Statement**

The Debtor confirmed a chapter 11 plan of liquidation under Subchapter V (the "**Plan**")[1] which, in part, identified that the Debtor would surrender its 10 remaining vehicles (the "**Vehicles**")[2] to ReadyCap Lending, Inc. ("**ReadyCap**"). This treatment was consistent with ReadyCap's own Motion for Relief from Stay,[3] which was denied as moot as a result of the Debtor's Plan. Despite ReadyCap's requested relief, and the Confirmation Order, ReadyCap refuses to take title to the vehicles, take over payments to the storage lot where the Vehicles are located, or even respond to repeated emails and phone calls regarding transferring title of the Vehicles into ReadyCap's name. By all appearances ReadyCap has abandoned its collateral.

The Debtor has received repeated notices from the storage lot (Truck Spot) who plans to tow the Vehicles to an undisclosed location imminently. The Vehicles, still in the Debtor's name,

---

[1] Doc. No. 181, confirmed at Doc. No. 186.
[2] Listed on Exhibit C to the Plan, Doc. No. 181.
[3] Doc. No. 144. ReadyCap has not submitted a proposed order.

are not insured, and moving them puts the Debtor and its creditors at risk. ReadyCap's failure to take title, pay the storage fees or respond to the Debtor also harms the estate's creditors in introducing new unwarranted and unnecessary claims. Accordingly, the Debtor seeks to modify the plan to effectuate transfer of title of the Vehicles to ReadyCap, or alternatively to authorize the Debtor to sell the Vehicles under § 363 free and clear of liens, claims and encumbrances. The Debtor will be seeking to surcharge estate funds for fees and costs.

## Background

1. ReadyCap agreed to a sale of the Debtor's fleet, but opposed the Debtor's initial sale strategy, causing the Debtor to withdraw the sale motion involving Moecker Auctions, Inc. (Doc. No. 46). ReadyCap then failed to provide the Debtor with any written agreements from its preferred replacement auctioneer.

2. The Debtor, in its business judgment, proceeded to market and sell its vehicles to private buyers, which garnered $305,000 in sale proceeds. ReadyCap explicitly approved each of these sales.

3. ReadyCap filed its Motion for Relief from Stay (Doc. No. 144) ("**Stay Relief Motion**"), which was heard at the Confirmation Hearing on March 10, 2022. The Court denied ReadyCap's Stay Relief Motion as moot because the Plan provided for the same relief requested.[4]

4. Since confirmation, the Debtor has been emailing and calling ReadyCap's counsel to take title to the Vehicles and take over the contract for the storage lot, but ReadyCap refuses to respond in any way. The Debtor cannot transfer title to ReadyCap unilaterally because the titles are held electronically and ReadyCap, who asserts a lien on the vehicles, is in control of the titles and its cooperation is needed to effectuate a transfer.

---

[4] ReadyCap has not uploaded an order on the Stay Relief Motion. *See* Doc. No. 183.

5.      TruckSpot has been contacting the Debtor frequently, at some points nearly daily, and recently threatened to tow the Vehicles to an undisclosed location. Because ReadyCap refuses to cooperate in transferring title out of the Debtor's name, the Vehicles could be on the road and uninsured, placing the Debtor and its creditors at risk.

6.      Through this Motion the Debtor seeks to 1) clarify that the Plan and Confirmation Order require ReadyCap to take all actions necessary to remove the Debtor from the title, take over the storage fees of TruckSpot since the Debtor's abandonment, or alternatively 2) authorize the Debtor to sell the Vehicles free and clear of liens for the benefit of the estate.

## Modifications to Plan

7.      Section § 1127 of the Bankruptcy Code and Rule 3019 of the Federal Rules of Bankruptcy Procedure permit a debtor to modify a Subchapter V plan post-confirmation.

8.      The Debtor's Plan provides that the Debtor intends to surrender and abandon the Abandoned Vehicles pursuant to ReadyCap's Stay Relief Motion on or before March 31, 2022. See Doc. No. 181 at 5 – 6.[5]

9.      The Confirmation Order (Doc. No. 186) also provides that.

¶ 9 After the Confirmation Date, the Debtor may remedy any defects or omissions or reconcile any inconsistencies in this Plan or the Confirmation Order or any other order entered for the purpose of implementing this Plan in such manner as may be necessary to carry out the purposes and intent of this Plan so long as the interests of the holders of Claims are not materially and adversely affected.

Further, the Court retained jurisdiction to:

¶14(d) Enter such orders as may be necessary or appropriate to implement, consummate or enforce the provisions of the Plan and Confirmation Order;

(e) Resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, interpretation, or enforcement of the Plan or this Order;

---

[5] This is a scrivener's error and intended to say the <u>Debtor</u> will abandon the Abandoned Vehicles to Readycap, as was understood by all parties at the Confirmation Hearing.

3

(f) Permit the Debtor, to the maximum extent authorized pursuant to § 1193, to modify the Plan or any agreement or document created in connection with the Plan, or remedy any defect or omission, or reconcile any inconsistency in the Plan or any agreement or document created in connection with the Plan;

(g) Issue any injunction, enter and implement other orders, or take such other actions as may be necessary or appropriate to enforce or implement the Plan or this Order;

(h) Enter and enforce such orders as are necessary or appropriate if this Order is for any reason modified, stayed, reversed, revoked, or vacated, or distributions pursuant to the Plan are enjoined or stayed. (Doc. No. 186).

10. The Debtor proposes to add the following to paragraph 9 of the Plan to clarify it, which is consistent with the Plan and confirmation:

***Upon the Debtor's Notice of Abandonment, the Debtor shall be deemed to have transferred, and ReadyCap shall be deemed to have accepted all right, title, interest, liabilities, risk of loss or state or federal obligations attendant to vehicle ownership in the Vehicles listed on Exhibit C of this Plan. The Debtor make take all actions, and execute all documents that the Debtor deems reasonable, necessary, and/or desirable to effectuate the relief requested herein in its business judgment. The Debtor shall be entitled to fees and costs for any actions necessary to effectuate unilateral transfer to the extent ReadyCap fails to cooperate.***

### Alternative Sale

11. At Debtor's option if ReadyCap chooses not to respond to this Motion, the Debtor requests authority to sell the Vehicles free and clear pursuant to § 363 as set forth below. Section 363(b)(1) of the Bankruptcy Code permits the Debtor to sell property of the estate, other than in the ordinary course of business after notice and a hearing. A proposed sale under § 363(b)(1) is evaluated under the business judgment rule. *In re Diplomat Construction, Inc.*, 481 B.R. 215, 218 (Bankr. N.D. Ga. 2012). A sale should be approved where "the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith." *In re Phoenix Steel Corp.*, 82 B.R. 334, 336 (Bankr. D. Del. 1987).

12. Section 11 U.S.C. § 363(f)(2) also permits any sale to be "free and clear" of any interest of an entity other than the estate in property if "such entity consents."

13. Here, ReadyCap is the only entity other than the Debtor who asserts an interest in the Vehicles, and it has effectively abandoned them. To the extent ReadyCap's silence can be construed as consent, the Vehicles may be sold free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f)(2). *See In re TLFO, LLC*, 572 B.R. 391, 435 (Bankr. S.D. Fla. 2016) ("Lack of objection to the sale – provided that there has been adequate notice – constitutes consent.").

14. Additionally, property may be sold "free and clear" of any interest of an entity other than the estate where "such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(5). Here, to the extent it does not consent to the sale of the Vehicles, ReadyCap could be compelled to accept a monetary satisfaction in exchange for its asserted lien, to the extent of Court approval.

***Sales to Buyers***

15. Two buyers familiar to the Court have expressed an interest in certain of the Vehicles listed on Exhibit C to the Plan, as follows:

| VIN | Buyer | Price |
|---|---|---|
| 4UZA4FF40XCA49809 | Del McGee | $2,000 |
| 4UZAARDU6HCJD1843 | Del McGee | $22,000 |
| 4UZAAPFD1KCKN9145 | Del McGee | $32,000 |
| 4UZAAPFD3KCKN9146 | Del McGee | $27,500 |
| 4UZAANFD6JCJP7821 | Del McGee | $20,000 |
| 1F65F5KY3G0A15965 | Ifran Nazir | $160,000 |
| 1FC3E4KL3GDC13590 | Ifran Nazir | |
| 4UZAARDU7HCJC2410 | Ifran Nazir | (for all 5 of the remaining Vehicles, without allocation) |
| 1FC3E4KL5GDC13591 | Ifran Nazir | |
| 1HTMGABM01A930174 | Ifran Nazir | |
| **Total** | | **$263,000** |

16.     The Debtor requests that the Court authorize the sale to these buyers as set forth below in a form substantially similar to attached **Exhibit A**. To be clear, the Debtor does not seek to alter the reduction in ReadyCap's asserted claim as set forth in the Plan as it relates to these Vehicles ($341,250). ReadyCap's hinderance, delay and refusal deal with the Vehicles should not impair the Debtor's rights.

17.     The Debtor believes that the prices of the Vehicles sold to Del McGee ("**McGee**") and Irfan Nazir ("**Nazir**") are fair and reasonable given the age and quality of the Vehicles, which have been sitting in a storage lot for more than two months, and the need to expeditiously sell the Vehicles to pay the storage fees. The proposed sale of the Vehicles the best interest of the estate as it liquidates vehicles immediately, avoids auction costs of such vehicles, and provides funds to pay the outstanding storage fees,[6] prevents additional waste and prevents the storage lot owner from towing the vehicles, possibly causing damage to the vehicles or to others.

18.     Proposed Sales Terms:[7]

   a. Purchase Price: Total $263,000 (two buyers) paid 14 days after Court authorizes a sale.
   b. The Debtor will obtain 100% of the sales price from each buyer in advance of giving each buyer the related Vehicles.
   c. **Purchase Price**: The aggregate purchase price for the Vehicles shall be $_____ (the "**Purchase Price**"), which is equal to the aggregate value of the price of each individual Vehicle as listed on Exhibit A. The Purchase Price shall be remitted to Underwood Murray P.A. upon execution of this Agreement but in any event no less than five (5) days prior to Closing, and shall be non-refundable except as set forth in section 3 below.
   d. **Default Provisions:** Should the Debtor fail to deliver to Buyer the keys to the Vehicles within three (3) days of Closing, Buyer shall be entitled to a refund of the Purchase Price (less $5,000 for fees and costs associated with this transaction) after (1) written notice to the Debtor of notice of default and (2) Debtor's failure to remedy the default within five (5) business days. Buyer acknowledges that immediately upon payment of the Purchase Price, $5,000 of the Purchase Price becomes fully nonrefundable and Buyer shall only be entitled to an unsecured claim in the Debtor's bankruptcy case should the transaction not be completed for any reason.

---

[6] Current storage fees outstanding are $3,858 and continue to accrue at the rate of $100/day. The Debtor anticipates receiving another monthly charge in the coming week for accrued penalties. Prior to the abandonment of the Vehicles to ReadyCap, the Debtor was current on all storage fees.

[7] For a full description of the terms of the proposed sale, please refer to Exhibit A. To the extent anything contained herein is inconsistent with terms of the sale as contained in Exhibit A, the terms of Exhibit A shall control in all respects.

    e.  Within ten (10) days after Closing, ReadyCap shall cooperate to transfer title to the Vehicles to Buyers in accordance with Florida law.[8]

    f.  Buyers shall bear their own costs and expenses related to the sale of the Vehicles.

    g.  THE VEHICLES ARE BEING SOLD IN "AS IS" CONDITION ON A "WHERE IS" BASIS, WITH NO CONTINGENCIES OF ANY KIND INCLUDING FINANCING OR DUE DILIGENCE AND WITHOUT ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR ANY OTHER WARRANTY, EXPRESS OR IMPLIED.

19.    The Debtor requests a surcharge for the fees and costs incurred in protecting ReadyCap's collateral and disposing of the Vehicles, which it will file by separate motion. Undersigned counsel will remit net proceeds to the Subchapter V Trustee following payment of storage fees and the Court's ruling on surcharge.

**WHEREFORE**, the Debtor respectfully requests this Honorable Court enter an Order granting the Motion, authorizing the Debtor to modify the Plan in accordance with the foregoing, or alternatively authorizing the Debtor to sell the Vehicles as proposed herein and ordering ReadyCap to release the titles to the Vehicles immediately upon the sale, and for all other relief the Court deems just and proper.

Dated: May 9, 2022.

Respectfully submitted,

/s/ Megan W. Murray
Megan W. Murray
Florida Bar Number 0093922
Adam M. Gilbert
Florida Bar Number 1011637
UNDERWOOD MURRAY, P.A.
Regions Building
100 N. Tampa St., Suite 2325
Tampa, FL 33602
Tel: (813) 540-8401 / Fax: (813) 553-5345
Email: mmurray@underwoodmurray.com
        agilbert@underwoodmurray.com
*Counsel to the Debtor*

---

[8] To be included in a sale order.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF on May 9, 2022, including the United States Trustee who is registered to receive electronic notices in this case, any was served by U.S. Mail to the following, and to all parties on the attached matrix marked with a "*" which includes the 20 largest unsecured creditors in this case, on May 9,, 2022:

Florida Department of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

/s/ Megan W. Murray
Megan W. Murray

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:21-bk-02197-RCT<br>Middle District of Florida<br>Jacksonville<br>Mon May  9 10:37:10 EDT 2022 | Gareth E Banner<br>11077 Mandarin Preserve Drive<br>Jacksonville, FL 32257-1568 | Banner Delivery Inc.<br>c/o Gareth E. Banner<br>11077 Mandarin Preserve Drive<br>Jacksonville, FL 32257-1568 |
| Garth Banning<br>11077 Mandarin Preserve Drive<br>Jacksonville, FL 32257-1568 | Bizgistics, Inc.<br>925 Morgan Road<br>Rydal, PA 19046-3028 | Roberta A. Colton<br>Tampa<br>, FL |
| *<br>Erik Johanson<br>ERIK JOHANSON PLLC<br>3414 Bay to Bay Blvd., #300<br>Tampa, FL 33629-7084 | *<br>Thane Martin<br>Redcross, Martin & Associates, Inc.<br>1 Winding Drive, Monroe Bldg.<br>Suite 206<br>Philadelphia, PA 19131-2994 | Megan W. Murray and Underwood Murray, P.A<br>100 N. Tampa St., Suite 2325<br>Tampa, FL 33602-5842 |
| Old Republic Title Company of Oregon | ReadyCap Lending LLC<br>c/o BUSCH  MILLS & SLOMKA LLP<br>701 S. Olive Ave.<br>Suite 105<br>West Palm Beach, FL 33401-6197 | *<br>Ritchie Bros. Autioneers<br>(Amercia) Inc., and Ironplanet, Inc.<br>Atten: Jen Rabinowitz<br>PO Box 6429<br>Lincoln, NE 68506-0429 |
| *<br>AFLAC<br>153 Blanding Blvd<br>Suite 3<br>Orange Park, FL 32073-2613 | *<br>AT&T Mobility<br>PO box 6463<br>Carol Stream, IL 60197-6463 | *<br>American Express<br>PO Box 1270<br>Newark, NJ 07101-1270 |
| *<br>American Homes 4 Rent<br>8936 Westerny Way<br>Suite 150<br>Jacksonville, FL 32256-0338 | Banner Delivery, Inc.<br>c/o Daniel E. Etlinger<br>606 E. Madison Street<br>Tampa, FL 33602-4029 | *<br>(p)BENETRENDS   INC<br>P O BOX 824984<br>PHILADELPHIA PA 19182-4984 |
| Bizgistics -<br>200 Connell Drive<br>Suite 4000<br>Berkeley Heights, NJ 07922-2805 | *<br>Buchanan Ingersoll & Rooney PC<br>Two Liberty Place<br>50 S. 16th Street, Suite 3200<br>Philadelphia, PA 19102-2555 | *<br>Budget Truck Rental<br>c/o A and J Auto Repair<br>170-k College Dr.<br>Orange Park, FL 32065-7601 |
| *<br>Budget Truck Rental, LLC<br>c/o Corporation Service Company<br>1201 Hays Street<br>Tallahassee, FL 32301-2699 | *<br>Comcast<br>1701 JFK Blvd<br>Philadelphia, PA 19103-2899 | *<br>Comcast Cable<br>4600 Touchton Road E<br>Building 200<br>Jacksonville, FL 32246-8299 |
| *<br>Conservve<br>8936 Western Way<br>Suite 150<br>Jacksonville, FL 32256-0338 | Darrell Giles<br>925 Morgan Road<br>Rydal, PA 19046-3028 | Darrell Giles<br>c/o Jake C. Blanchard<br>1501 Belcher Road S. Unit 6B<br>Largo, FL 33771-4505 |
| *<br>Del McGee<br>1898 County Line Road<br>Madison, AL 35756-4925 | *<br>EFS, LLC<br>PO Box 630038<br>Cincinnati, OH 45263-0038 | *<br>Enterprise Rent-A-Car<br>P.O. Box 843369<br>Kansas City, MO 64184-3369 |

| | | |
|---|---|---|
| Fed Ex Ground Package System, Inc.<br>1000 FedEx Drive<br>Moon Township, PA 15108-9373 | FedEx Ground Package System, Inc.<br>100 FedEx Dr.<br>Coraopolis, PA 15108 | FedEx Ground Package System, Inc.<br>c/o Kimberly Held Israel, Esq.<br>McGlinchey Stafford<br>10407 Centurion Parkway North, Suite 200<br>Jacksonville, FL 32256-0544 |
| Gareth Banner<br>11077 Mandarin Preserve Dr<br>Jacksonville, FL 32257-1568 | Garth Banner<br>Banner Delivery, Inc.<br>11077 Mandarin Preserve Dr<br>Jacksonville, FL 32257-1568 | *GoMobileX<br>108 Paddock Place<br>Ponte Vedra Beach, FL 32082-3957 |
| *Indeed<br>6433 Champion Grandview Way<br>Building 1<br>Austin, TX 78750-8589 | *Internal Revenue Service -<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | *Kelchco CSP<br>1461 Webster St<br>Birmingham, MI 48009-7004 |
| *Kubicki Draper / Martin Blaya<br>9100 S. Dadeland Blvd.<br>Suite 1800<br>Miami, FL 33156-7817 | *Lytx, Inc.<br>9785 Towne Centre Drive<br>San Diego, CA 92121-1968 | *Lytx, Inc.<br>PO Box 849972<br>Los Angeles, CA 90084-9972 |
| *MD Repair and Services, Inc.<br>3372 Phillips Highway<br>Jacksonville, FL 32207-4312 | *MWMT Co.<br>7201 Frankford Ave.<br>Suite 1060<br>Philadelphia, PA 19135-1010 | Marsh Sponsored Programs<br>PO BOX 14404<br>Des Moines, IA 50306-3404 |
| *Marsh Sponsored Programs<br>a division of Marsh USA Inc.<br>PO Box 14404<br>Des Moines, IA 50306-3404 | *Miller's Mobile Services, Inc.<br>4320 Gate Lane<br>Jacksonville, FL 32226-1938 | *New Benefits. Ltd.<br>PO Box 803475<br>Dallas, TX 75380-3475 |
| Old Republic Title Company of Oregon<br>c/o Lara Fernandez<br>Trenam, Kemker, Scharf, Barkin et al.<br>101 East Kennedy Blvd., Ste 2700<br>Tampa, FL 33602-5150 | *PayChex<br>911 Panorama Trail S.<br>Rochester, NY 14625-2396 | *Pennsylvania Department of Revenue<br>PO Box 280427<br>Harrisburg, PA 17128-0427 |
| *Print Kreations<br>571 Berlin-Cross Keys Road<br>Sicklerville, NJ 08081-9550 | *Protective Insurance Company<br>PO Box 7099<br>Indianapolis, IN 46207-7099 | ReadyCap Lending LLC<br>c/o Clive N. Morgan<br>BUSCH, MILLS & SLOMKA, LLP<br>6712 Atlantic Boulevard<br>Jacksonville, FL 32211-8730 |
| ReadyCap Lending, LLC<br>200 Connell Drive,<br>Suite 4000<br>Berkeley Heights, NJ 07922-2805 | ReadyCap Lending, LLC<br>c/o Christopher Y. Mills, Esq.<br>Busch Mills & Slomka, LLP<br>701 S. Olive Ave., Suite 105<br>West Palm Beach, FL 33401-6197 | *Siteground/SG Hosting Inc.<br>901 N. Pitt St.<br>Suite 325<br>Alexandria, VA 22314-1549 |
| *Southern Crane & Wrecker<br>3936 Phoenix Ave.<br>Jacksonville, FL 32296 | Susan Giles<br>925<br>Morgan Road<br>Rydal, PA 19046-3028 | Susan Giles<br>c/o Jake C. Blanchard<br>1501 Belcher Road S. Unit 6B<br>Largo, FL 33771-4505 |

| | | |
|---|---|---|
| *Terry L. Rhodes, Executive Director<br>Department of Highway Safety and Motor V<br>2900 Apalachee Parkway<br>Tallahassee, FL 32399-0500 | VM Wholesale Tire<br>125 East 63rd Street<br>Jacksonville, FL 32208-4711 | Westlake Financial Services<br>PO Box 54807<br>Los Angeles, CA 90054-0807 |
| Aaron R. Cohen +<br>P.O. Box 4218<br>Jacksonville, FL 32201-4218 | Clive N. Morgan +<br>Morgan Legal, P.A.<br>6712 Atlantic Boulevard<br>Jacksonville, FL 32211-8730 | United States Trustee - JAX 11 +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 |
| Lara Roeske Fernandez +<br>Trenam Law<br>101 E. Kennedy Boulevard, Suite 2700<br>Tampa, FL 33602-5150 | Kimberly H Israel +<br>McGlinchey Stafford<br>10407 Centurion Parkway, North<br>Suite 200<br>Jacksonville, FL 32256-0544 | Rhys P Leonard +<br>Trenam Kemker<br>101 East Kennedy Boulevard<br>Suite 2700<br>Tampa, FL 33602-5170 |
| Scott E Bomkamp +<br>United States Trustee<br>400 W. Washington Street<br>Suite 1100<br>Orlando, FL 32801-2440 | Megan Wilson Murray +<br>Underwood Murray PA<br>100 North Tampa Street, Suite 2325<br>Tampa, FL 33602-5842 | Jake C Blanchard +<br>Blanchard Law, P.A.<br>1501 South Belcher Road, Unit 6B<br>Largo, FL 33771-4505 |
| Daniel E Etlinger +<br>Jennis Morse Etlinger<br>606 East Madison Street<br>Tampa, FL 33602-4029 | Adam M Gilbert +<br>Underwood Murray, P.A.<br>100 North Tampa Street, Suite 2325<br>Tampa, FL 33602-5842 | Jocelyn C. Smith +<br>Brick Business Law, P.A.<br>3413 W. Fletcher Avenue<br>Tampa, FL 33618-2813 |
| Michael A Shiner +<br>Tucker Arensberg, P.C.<br>1500 One PPG Place<br>Pittsburgh, PA 15222-5413 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Benetrends, Inc.
1684 S. Broad St.
Suite 130
Lansdale, PA 19446-5422

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)FedEx Ground Package System, Inc. | (u)Darrell Giles | (u)Susan Giles |

| | | |
|---|---|---|
| (d)Gareth Banner<br>11077 Mandarin Preserve Drive<br>Jacksonville, FL 32257-1568 | (d)Erik Johanson +<br>Erik Johanson PLLC<br>3414 Bay to Bay Boulevard, #300<br>Tampa, FL 33629-7084 | (u)Note: Entries with a '+' at the end of the<br>name have an email address on file in CMECF<br>-------------------------------------------<br>Note: Entries with a '-' at the end of the<br>name have filed a claim in this case |

**End of Label Matrix**
Mailable recipients    75
Bypassed recipients     6
Total                  81

# EXHIBIT A

This **CONTRACT FOR PURCHASE OF VEHICLES** (this "**Agreement**") is made as of _____, 2022 (the "Effective Date"), between **BIZGISTICS, INC** ("**Seller**"), and _____ _____, ("**Buyer**").  Seller and Buyer may be referred to separately as "**Party**" and collectively as "**Parties**" herein.

1. **Sale and Purchase of Vehicles**: Subject to the terms and conditions of this Agreement and subject in all events to final approval of the Bankruptcy Court, on the Closing Date (defined below), Seller shall sell and deliver to Buyer, and Buyer shall purchase and acquire from Seller, all Seller's right, title, and interest in the Vehicles described in Exhibit A (the "**Vehicles**"). The sale of the Vehicles is conducted on an "AS IS, WHERE IS" basis, with no warranties as to condition whatsoever.

2. **Purchase Price**: The aggregate purchase price for the Vehicles shall be $_____ (the "**Purchase Price**"), which is equal to the aggregate value of the price of each individual Vehicle as listed on Exhibit A. The Purchase Price shall be remitted to Underwood Murray P.A. upon execution of this Agreement but in any event no less than five (5) days prior to Closing, and shall be non-refundable except as set forth in section 3 below.

3. **Default Provisions:** Should the Debtor fail to deliver to Buyer the keys to the Vehicles within three (3) days of Closing, Buyer shall be entitled to a refund of the Purchase Price (less $5,000 for fees and costs associated with this transaction) after (1) written notice to the Debtor of notice of default and (2) Debtor's failure to remedy the default within five (5) business days. Buyer acknowledges that immediately upon payment of the Purchase Price, $5,000 of the Purchase Price becomes fully nonrefundable and Buyer shall only be entitled to an unsecured claim in the Debtor's bankruptcy case should the transaction not be completed for any reason.

4. **Buyer Representations**: Buyer represents that neither the execution and delivery of this Agreement nor the consummation of the transaction contemplated hereby will result in a violation by Buyer of any federal, state, local, or other law or governmental requirements of any kind, and any rules, regulations, permits, licenses, and orders promulgated thereunder.

5. **Closing:** Unless otherwise agreed to by the Seller and Buyer in writing, the closing of the transaction contemplated by this Agreement (the "**Closing**") shall take place within one (1) business day after a Sale Order becomes final and non-appealable (14 days after the Sale Order is entered) (the "**Closing Date**").

    a. Within ten (10) days after Closing, Seller shall make all diligent effort to transfer title to the Vehicles to Buyer in accordance with Florida law.

    b. Buyer shall be solely responsible for arranging for the transportation and storage of the Vehicles and any and all associated costs (including, but not limited to, the procurement and payment for any necessary insurance).

    c. Buyer shall bear their own costs and expenses related to the sale of the Vehicles

6. BUYER, ON BEHALF OF ITSELF AND ANY AFFILIATES OR RELATED PARTIES, UNDERSTANDS AND AGREES THAT THE VEHICLES ARE SO ASSIGNED, LEASED, TRANSFERRED AND CONVEYED TO BUYER IN "AS IS" CONDITION ON A "WHERE IS" BASIS, WITH NO CONTINGENCIES OF ANY KIND INCLUDING FINANCING OR DUE DILIGENCE AND WITHOUT ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OR ANY OTHER WARRANTY, EXPRESS OR IMPLIED, EXCEPT AS OTHERWISE EXPRESSLY STATED IN THIS AGREEMENT.

7. Miscellaneous**:**

    a. This Agreement may not be amended except by an instrument in writing signed by both Parties.

    b. This Agreement constitutes the entire agreement between the Parties and supersedes any prior agreements.

    c. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile signatures shall be accorded the same enforcement rights as an original.

    d. Each Party shall bear its own costs and expenses incurred in executing and consummating this Agreement.

    e. Time is of the essence with respect to each Party's obligations hereunder.

    f. If the last day of any time period provided for in this Agreement falls on a Saturday, Sunday or holiday, the last day shall be extended until the next business day that banks operating in Tampa, Florida are open for business.

    g. This Agreement shall be governed by, construed, interpreted and the rights of the Parties determined in accordance with the laws of the State of Florida and each Party submits to the jurisdiction of the Bankruptcy Court to resolve any disputes arising out of this Agreement.

8. **Jury Trial Waiver:** BUYER AND SELLER HEREBY EACH WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, THE SUBJECT MATTER OF THIS AGREEMENT.

**Escrow Agent Provisions:**

9. If conflicting demands relating to this Agreement are made upon the Escrow Agent, the parties hereto expressly agree that the Escrow Agent may file suit to interplead the Deposit into the registry of the Bankruptcy Court or the Subchapter V Trustee and seek a declaratory relief as to the entitlement to funds. Upon the filing of any such declaratory relief or interpleader suit and depositing with the Bankruptcy Court all funds deposited by the Parties under this Agreement, the Escrow Agent shall thereupon be fully released and discharged from any and all obligations to further perform the duties or obligations imposed upon it by this Agreement.

10. In no event shall Escrow Agent be liable for any act or omission under or in respect of this Agreement except where Escrow Agent's acts or omission is the result of its gross negligence or willful misconduct. Accordingly, Escrow Agent shall not incur any liability with respect to (i) any action taken or omitted in good faith, including upon advice of its legal counsel given with respect to any questions relating to the duties and responsibilities of the Escrow Agent under this Agreement, or (ii) any action taken or omitted in reliance on any instrument, not only as to its due execution and the validity and effectiveness of its provisions, but also as to the truth and accuracy of any information contained therein, which Escrow Agent shall in good faith believe to be genuine, to have been signed or presented by a person or persons having authority to sign or present such instrument, and to conform with the provisions of this Agreement.

11. Seller and Buyer acknowledge that Escrow Agent may also serve as legal counsel to Seller in connection with this Agreement, and both Seller and Buyer consent to Escrow Agent serving in such dual capacity. In the event of any actual dispute or adversity between Seller and Buyer, Escrow Agent shall be entitled to resign as Escrow Agent and to represent Seller in such dispute or adversity, and in such case shall deliver any and all funds held by Escrow Agent pursuant to this Agreement to a successor escrow agent designated by Seller and consented to by Buyer, or approved by the Bankruptcy Court if no consent is obtained after commercially reasonable effort.

**BUYER:** _____(print)

Signature: _____

Its: _____

Date: _____

**SELLER:** **Bizgistics, Inc.**

Signature: _____

Its: _____

Date: _____

Case 3:21-bk-02197-RCT    Doc 225    Filed 05/09/22    Page 16 of 16