**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

In re                                                                                       Chapter 11

BIZGISTICS, INC.                                                    Case No. 3:21-bk-02197-RCT

     Debtor.
_____/

**DEBTOR'S REPLY TO READYCAP LENDING, LLC'S**
**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM 3 AND MOTION TO VALUE**
**AND DETERMINE SECURED STATUS OF READYCAP LENDING LLC'S CLAIM**

Debtor, Bizgistics, Inc. ("**Debtor**"), by and through undersigned counsel, files this Reply ("**Reply**") to ReadyCap Lending, LLC's Response to Debtor's Objection to Claim 3 and Motion to Value and Determine Secured Status of ReadyCap Lending, LLC's Claim (**"Response"**) (Doc. No. 220) and in support thereof states:

**Preliminary Statement**

ReadyCap argues that the Debtor is improperly attempting to assert the rights of creditors to avoid ReadyCap's unperfected security interest. This is exactly what 11 U.S.C. § 544 permits the Debtor to do—to step into the shoes of a hypothetical creditor with a superior, perfected security interest in collateral. ReadyCap has not perfected, and may not even have, a lien in the Holdback, the disputed truck and trailer or any commercial tort claim, and any alleged liens are avoidable. For the reasons set forth in the Motion and the additional reasons below responding to ReadyCap's Reply, the Court should grant the Debtor's Motion.

**Additional Grounds to Grant the Debtor's Motion**

1. ReadyCap raises several legal arguments that are incorrect.

    *a. Section 544 permits the Debtor to avoid ReadyCap's lien to the extent it is unperfected.*

2. Section 544 of the Bankruptcy Code places a debtor in possession in the same position as "a hypothetical creditor of the Debtor who has completed the legal process for perfection of his lien upon all property available for the satisfaction of his claim against the Debtor." *In re HDI Partners*, 202 B.R. 524, 528 (Bankr. S.D. Fla. 1996). The hypothetical lien rights granted by § 544 "takes priority over all unperfected liens or security interests." *Id.* As a result, 544 permits a debtor to avoid an unperfected lien on property of the estate. *See In re Lykes Bros. S.S. Co., Inc.*, 216 B.R. 856, 862 (Bankr. M. D. Fla. 1996) ("[t]his record more than warrants the conclusion that ideal judgment lien status granted by § 544(a)(1) & (2) of the Code is superior to any unperfected secured interest and the Debtor is entitled to avoid the security interest."); *In re Abrass*, 268 B.R. 665, 682 (Bankr. M.D. Fla. 2001) ("§ 544(a) arms the trustee at the time of the filing of the debtor's bankruptcy petition with all the rights and powers of various creditors and transferees of the debtor so as to avoid incomplete or improperly perfected transfers of the debtor"); *In re Advanced Aviation, Inc.*, 101 B.R. 310, 313 (Bankr. M.D. Fla. 1989) ("§ 544 permits the trustee to exercise whatever rights of avoidance any creditor holding a secured claim could have exercised on his own behalf under applicable law.").

3. ReadyCap's Response goes to great lengths to explain why ReadyCap has correctly perfected its security interest in the Debtor's general intangibles. However, the unperfected security interest the Debtor seeks to avoid is related to a deposit account (the Holdback[1]) and a commercial tort claim, neither of which are general intangibles. Pursuant to *Fla. Stat*. § 679.1021(pp), "general intangible" means any personal property, including things in action, *other than* **accounts**, chattel paper, **commercial tort claims**, **deposit accounts**, documents, goods, instruments, investment property, letter-of-credit rights, letters of credit, money, and oil, gas, or other minerals before extraction." (emphasis added).

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

4. By definition the requirements for perfection in a deposit account and a commercial tort claim are different from the requirements to perfect a security interest in a general intangible. *See e.g., Fla. Stat.* §§ 679.3141 and 679.1081(5)(a). And as explained in the Debtor's Motion, ReadyCap has failed to perfect its security interest in the Holdback (a deposit account) and the commercial tort claim the Debtor intends to bring. Further ReadyCap's own Response describes one of the Debtor's allegations against the seller of the business as a commercial tort (see Response, at 2-3 (referencing damages suffered as a result of fraudulent misrepresentation). The Court can determine that to the extent the Debtor brings a commercial tort claim, it is not perfected.[2]

5. Further, the *Finizio* case ReadyCap cites[3] is inapposite to any bankruptcy case, where a debtor is entitled to use § 544 to avoid an unperfected security interest. *Finizio* related to a state court case in which a court ordered securities delivered to complete perfection in a probate setting. *Finizio* has no applicability here because the referenced statute in that case has been repealed, and because ReadyCap cannot perfect a security interest post-petition. *See Matter of Maas*, 69 B.R. 245, 247 (Bankr. M.D. Fla. 1986) (finding post-petition perfection of a security interest (that does not relate back) violates the automatic stay). Here ReadyCap's security interest is perfected only upon attachment which does not relate back, and perfection now is not possible due to the bankruptcy. *Fla. Stat.* §§ 679.3081, 679.3091, 679.3121.

6. The Debtor's reference to ReadyCap's security interest in its schedules does nothing to acknowledge, admit or confirm that such lien is also perfected. Accordingly, § 544 permits the Debtor to do exactly what ReadyCap claims to be impermissible, enforce the rights

---

[2] The Debtor realizes its adversary complaint is not yet filed. To the extent that the Court deems it appropriate to reserve ruling on the Debtor's ability to avoid ReadyCap's asserted lien on the commercial tort claim until after the Debtor's complaint is filed, the Debtor respectfully requests that the Court do so.
[3] *Finizio v. Shubow*, 557, So.2d 640 (4th DCA 1990).

3

of a hypothetical creditor. Therefore, by its plain terms, § 544 permits the Debtor to avoid any unperfected security interest ReadyCap may have.

### b. *ReadyCap's entitlement to distributions is not automatic.*

7. ReadyCap is correct in asserting that a secured claim may be bifurcated into a secured and unsecured component. However, bifurcation of a secured and unsecured claim under § 506 has nothing to do with whether a secured creditor is entitled to distributions under Bankruptcy Rule 3003(c)(3), nor is bifurcation automatic. *In re J.H. Inv. Servs., Inc.*, 2010 WL 3943952, *4 (M.D. Fla. Oct. 7, 2010), *aff'd*, 452 F. App'x 858 (11th Cir. 2011). Rather, the creditor seeking to recover as both a secured and unsecured creditor must have either filed, or have been deemed to file a claim seeking both secured and unsecured distribution rights. *Id.*

8. Further, failure to file a claim for an unsecured portion of an undersecured claim will prohibit the creditor from receiving distributions as an unsecured creditor due to their failure to file a proof of claim. *J.H. Inv. Servs.*, 2010 WL at *4. In addition to the reasons set forth in the Motion, ReadyCap's failure to file an unsecured claim or reserve any rights to do so later precludes it from receiving distributions as an unsecured creditor.

### c. *ReadyCap does not have a perfected security interest in the disputed truck and trailer.*

9. ReadyCap argues it has a security interest in anything that is the Debtors, presumably including any interest the Debtor has in the disputed truck and trailer ("**Truck and Trailer**") which is the subject of this Court's sale order (*see* Doc. No. 207). Under Florida law, a security interest in a motor vehicle is not perfected or enforceable until it has been noted on the certificate of title for the vehicle. *Fla Stat.* §§ 319.27 and 679.311(1)(9b). Here, it is undisputed that there is no such notation on the certificate of title for either the Truck or Trailer. Therefore,

like ReadyCap's unperfected lien on the Holdback and the commercial tort claim, any asserted lien on the Truck and Trailer may be avoided pursuant to § 544.

### d. The Holdback is not an accounts receivable.

10.     The Holdback also is not an account receivable, as ReadyCap suggests. *Fla. Stat.* § 679.1021 (1)(b) provides that an "Account," includes various forms of receivable which are not applicable,[4] and specifically <u>excludes</u> "rights to payment evidenced by chattel paper or an instrument; **commercial tort claims**; **deposit accounts**; investment property; letter-of-credit rights or letters of credit; or rights to payment for money or funds advanced or sold, other than rights arising out of the use of a credit or charge card or information contained on or for use with the card." (emphasis added).

## Conclusion

ReadyCap may have a security interest in certain of the Debtor's assets, but it has failed to demonstrate that it has perfected its security interest in the Holdback, any commercial tort claim or the disputed Truck and Trailer. ReadyCap also has not demonstrated that its failure to timely file a secured or unsecured claim still entitles it to distributions. Accordingly the Debtor's Motion should be granted.

WHEREFORE, the Debtor respectfully requests that the Court enter an order sustaining the objection to ReadyCap's claim; determine that ReadyCap is not entitled to secured distributions, determining Ready has a $0.00 unsecured claim; if any claim is allowed, determining the proper amount of ReadyCap's claim; determining that ReadyCap lacks a

---

[4] "Account" includes "a right to payment of a monetary obligation, whether or not earned by performance, for property that has been or is to be sold, leased, licensed, assigned, or otherwise disposed of; for services rendered or to be rendered; for a policy of insurance issued or to be issued; for a secondary obligation incurred or to be incurred; for energy provided or to be provided; for the use or hire of a vessel under a charter or other contract; arising out of the use of a credit or charge card or information contained on or for use with the card; or as winnings in a lottery or other game of chance operated or sponsored by a state, governmental unit of a state, or person licensed or authorized to operate the game by a state or governmental unit of a state. The term includes health-care-insurance receivables."

properly perfected security interest in the Holdback, the Disputed Truck and Trailer, and any commercial tort claims to the extent they exist, and avoiding any purported security interest therein.

Dated: May 13, 2022.

    Respectfully submitted,

    /s/ Megan W. Murray
    Megan W. Murray
    Florida Bar Number 0093922
    Adam M. Gilbert
    Florida Bar Number 1011637
    UNDERWOOD MURRAY, P.A.
    Regions Building
    100 N. Tampa St., Suite 2325
    Tampa, FL 33602
    Tel: (813) 540-8401 / Fax: (813) 553-5345
    Email: mmurray@underwoodmurray.com
           agilbert@underwoodmurray.com
    *Counsel to the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing, that was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF, on May 13, 2022, including the United States Trustee and counsel for ReadyCap, who are registered to receive electronic notices in this case.

    /s/ Megan W. Murray
    Megan W. Murray, Esq.
    Florida Bar No. 0093922